**In re MAC PANEL COMPANY, Debtor.**

**Virginia Panel Corporation, Appellant,**

**v.**

**MAC Panel Company, Appellee.**

**and**

**In re MAC Panel Company, Debtor.**

**Virginia Panel Corporation, Appellant,**

**v.**

**MAC Panel Company, Appellee.**

**Bankruptcy No. 98–10952C–11G.**

**Nos. CIV. 1:00CV00699, CIV. 1:00CV00700.**

**Adversary No. 98–2032.**

United States District Court, M.D. North Carolina.

Dec. 1, 2000.

John Herbert Small, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, for debtor.

Rory D. Whelehan, Wonble, Carlyle, Sandridge & Rice, Winston-Salem, NC, for appellant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on motion by MAC Panel Company ("MAC Panel") to dismiss appeals by Virginia Panel Corporation ("VPC") of two decisions by the United States Bankruptcy Court for the Middle District of North Carolina. The decisions appealed by VPC include (1) the bankruptcy court's confirmation of MAC Panel's Chapter 11 bankruptcy reorganization plan and (2) the issuance of an injunction by the bankruptcy court preventing VPC from pursuing litigation against Joseph L. Craycroft, Jr. ("Craycroft"), the chief executive officer of MAC Panel, and his brother John E. Craycroft. Because of the relation between these two bankruptcy court decisions, they are considered together in this memorandum opinion. For the following reasons, the motion to dismiss will be granted.

## FACTS

MAC Panel and VPC compete in the interface connector systems industry. In 1998, after extended litigation, MAC Panel was found to have violated patents held by VPC and to have engaged in false advertising under Virginia law. The Court of Appeals for the Federal Circuit entered judgment against MAC Panel in the amount of approximately $1.9 million. Because MAC Panel did not have the resources to pay this judgment, it filed a Voluntary Petition for Reorganization under Chapter 11 of the Bankruptcy Code. As a result, VPC became an unsecured creditor of MAC Panel.

On February 24, 2000, the United States Bankruptcy Court for the Middle District of North Carolina confirmed MAC Panel's reorganization plan. VPC has appealed this confirmation. In conjunction with its confirmation of MAC Panel's reorganization plan, the bankruptcy court also enjoined VPC from pursuing litigation against Craycroft and John E. Craycroft. The bankruptcy court issued this injunction because of Craycroft's role in MAC Panel's reorganization. As part of the reorganization plan, Craycroft agreed to provide at least $1.1 million in funds to MAC Panel to

pay creditors and to finance future operations. With these funds, MAC Panel was able to commit eventually to repay 100% of the claims of all unsecured creditors. Without the funds, unsecured creditors would have received only a minimal portion of their claims.[1] Craycroft conditioned the infusion of funds upon the entry of the injunction prohibiting VPC from pursuing litigation against himself or against John E. Craycroft.[2] The bankruptcy court granted the injunction when it confirmed the reorganization plan.

## DISCUSSION

▮▮▮▮ MAC Panel moves to dismiss VPC's appeals on the basis of equitable mootness. The Fourth Circuit has held that, short of constitutional mootness, "a case may become moot under 'a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration.'" *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.*, 841 F.2d 92, 95 (4th Cir.1988) (quoting *Chamber of Commerce v. United States Dept. of Energy*, 627 F.2d 289, 291 (D.C.Cir.1980)). Specific to the area of bankruptcy:

> [D]ismissal of [an] appeal on mootness grounds is required when implementation of the [reorganization] plan has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available. The court should reach a determination upon close consideration of the relief sought in light of the facts of the particular case.

*Central States*, 841 F.2d at 96 (citations omitted).

Considering the facts of the instant case, dismissal under the doctrine of equitable mootness is appropriate. The rights of third parties have been significantly affected by the consummation of the reorganization plan. In particular, partial or complete repayments have been made in accordance with the plan to 103 unsecured creditors. Bank of America and trade creditors, relying on confirmation of the plan, have extended credit in excess of $1.2 million to MAC Panel. MAC Panel has assumed seventeen executory contracts and unexpired leases since confirmation of the plan, and it has entered into a new equipment lease with a value in excess of $175,000.00. In addition, customers relying on MAC Panel's non-bankrupt status have continued to place orders with the company. To reverse the bankruptcy court's confirmation of the reorganization plan would "require the undoing of financial transactions involving third parties, not participants in this litigation," and "would only 'create an unmanageable, uncontrollable situation for the Bankruptcy Court.'" *Central States*, 841 F.2d at 96 (quoting *In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir.1981)).

VPC argues that it does not seek a complete reversal of the reorganization plan, and therefore even if the appeals were permitted to proceed and were successful they would not necessitate a total unraveling of the reorganization plan. This disregards the underlying basis of the reorganization plan—that Craycroft would not have made funds available to MAC Panel without assurances, in the form of the injunction and the release, that VPC would not be permitted to pursue litigation against him or against John E. Craycroft.

---

1. Under the reorganization plan confirmed by the bankruptcy court, VPC will eventually receive 100% of its claim against MAC Panel. If Craycroft had not made funds available to MAC Panel and the company had been forced to liquidate, VPC and other unsecured creditors would have received approximately 1.6% of their claims against MAC Panel.

2. The reorganization plan also included a release of Craycroft from any claims against him related to or arising from his relationship with MAC Panel which arose or existed prior to confirmation of the plan. The funds provided by Craycroft were also conditioned upon inclusion of this release in the reorganization plan. The injunction and release cease to apply if MAC Panel fails to pay VPC in accordance with the reorganization plan.

Since Craycroft conditioned the infusion of funds upon the continued viability of the injunction and release, to disturb either the injunction or release would permit Craycroft to withdraw the funds. The withdrawal of funds by Craycroft would inevitably lead to a dismantling of the reorganization plan, since the plan could not have been implemented absent the funds Craycroft provided. As discussed earlier, unraveling the plan would significantly alter the rights of third parties who have relied on confirmation and consummation of the plan. Consequently, the court will grant MAC Panel's motion to dismiss both appeals by VPC.

## CONCLUSION

For the foregoing reasons, the court will grant MAC Panel's motion to dismiss both appeals by VPC.